IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Antwain Hollis, | ) | C/A No.: 1:24-434-DCN-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER AND NOTICE |
| Cherokee County Sheriff Steve Mueller, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Antwain Hollis ("Plaintiff"), proceeding pro se, filed this complaint pursuant to 42 U.S.C. § 1983 against Cherokee County Sheriff Steve Mueller ("Defendant"), alleging Defendant violated his constitutional rights. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.   Factual and Procedural Background

Plaintiff is detained at the Cherokee County Detention Center ("CCDC"). Plaintiff alleges CCDC is overcrowded, unclean, and too cold for living conditions. [ECF No. 1 at 5]. He also claims the food was infested with maggots. *Id.* Plaintiff alleges he became sick from eating the food and he has broken out in a rash due to the unclean conditions. *Id.* at 6. He claims his "mental state is

unstable" and he has not been seen about his mental health or rash. *Id.* He seeks $300,000 in damages.

II.  Discussion

  A.  Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the

2

pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B. Analysis

1. No Supervisory Liability

Plaintiff's complaint contains no factual allegations specific to Defendant. To the extent Defendant is sued only in his official capacity, Plaintiff has failed to state a claim under § 1983. The doctrine of supervisory liability is generally inapplicable to § 1983 suits, such that an employer or

3

supervisor is not liable for the acts of his employees, absent an official policy or custom that results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). The Supreme Court explains that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization). Accordingly, Defendant is subject to summary dismissal.

    2.    General Prison Conditions

Plaintiff's general complaints of overcrowding and unclean conditions do not meet the standard of "excessive risk" to the health and safety of an inmate under the Fourteenth Amendment. *See generally Webb v. Nicks*, No. 1:18-2007-HMH-SVH, 2019 WL 2896447, at *1-4 (D.S.C June 4, 2019), adopted by, No. 1:18-2007-HMH-SVH, 2019 WL 2869626 (D.S.C. July 3, 2019). Although Plaintiff alleges he became sick from the food on one occasion, such allegations are insufficient, standing alone, to constitute a constitutional violation. Living conditions in prison are not always ideal, and inmates cannot expect the

services and amenities afforded at a good hotel. *See Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir 1988) (finding no constitutional violation when an inmate was not provided soap, a toothbrush, or toothpaste for ten days). Short term sanitation issues, while perhaps unpleasant, do not amount to constitutional violations. *Harris v. FNU Connolly*, 5:14-cv-128-FDW, 2016 WL 676468, at *5 (W.D.N.C Feb. 18, 2016) (citing *Whitnack v. Douglas Cnty.*, 16 F.3d 954, 958 (8th Cir. 1994)). Plaintiff's allegations, without more, do not rise to the level of a constitutional violation.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **March 5, 2024**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the

district court that the claims be dismissed without leave for further amendment.

    IT IS SO ORDERED.

February 13, 2024                            Shiva V. Hodges
Columbia, South Carolina             United States Magistrate Judge